IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONAHUE'S PERSONAL CARE I, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-1572 |
| v. | ) ) | Judge Cathy Bissoon |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

## I. MEMORANDUM

Defendants' Motion to Dismiss (Doc. 9) will be granted in part and denied in part, and those claims not dismissed will be stayed pending the resolution of Plaintiffs' related state proceedings.

Plaintiffs, a number of affiliated nursing homes and their owners, bring this Section 1983 action against the Commonwealth and its agents based on the Department of Public Welfare's ("the DPW's") downgrading and/or revocation of their nursing home licenses. *See generally* Am. Compl. (Doc. 8) at ¶¶ 1-7, 19-22. Plaintiffs allege that the DPW and its officials engaged in unreasonable and harassing investigative activity. *See id.* at ¶¶ 23-44. Plaintiffs claim that Defendants' unfavorable treatment was motivated by their desire to retaliate against Plaintiffs for having objected to unspecified actions of the DPW, and Plaintiffs' "reputation for opposing such actions." *See id.* at ¶¶ 20, 23. As of the filing of the Amended Complaint, Plaintiffs had appeals hearings pending, under three separate dockets, before the DPW's Bureau of Hearings and

Appeals ("Appeals Bureau"). *See id.* at ¶ 45. Plaintiffs also have an appeal pending before the Commonwealth Court of Pennsylvania, based on the DPW's refusal to allow yet another hearing because Plaintiffs "fail[ed] to pay an alleged $500.00 filing fee." *See id.* at ¶ 47. All of Plaintiffs' state appeals "stem from the same course of events" addressed in this lawsuit, "beginning with the downgrade of Plaintiffs['] licenses." *Id.* at ¶ 48.

Plaintiffs bring claims against the DPW and certain of its agents ("the Individual Defendants"), in their official and individual capacities. *See* Am. Compl. at Counts I-IX. Counts I through IV allege violations of due process, equal protection and the Fourth Amendment. *See id.* at Counts I-IV.[1] Counts V alleges "negligent supervision," and Counts VI through IX assert claims, presumably under state law, for "civil conspiracy," "abuse of process," "official oppression" and defamation. *See id.* at Counts V-IX. Under each Count, Plaintiffs seek money damages and attorney's fees, they request that Defendants be "[e]njoin[ed] from further violations," and they ask the Court to "[d]irect the issuance of 'regular' [Commonwealth] licenses to all [of] Plaintiffs['] facilities." *See id.* at Wherefore clauses.

In their Motion to Dismiss, Defendants correctly assert that Plaintiffs' federal constitutional claims against the Commonwealth and its agents, acting in their official capacities, are barred under the Eleventh Amendment. *See* Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 253-56 (3d Cir. 2010) (holding same) (citations omitted). In this regard, Plaintiffs' claims for damages and retrospective injunctive relief will be dismissed with prejudice.

Under certain circumstances, however, the Eleventh Amendment does not bar claims against official-capacity defendants for prospective, injunctive relief. *See* Ex parte Young,

---

[1] Although Count III purports to state an independent claim for relief under Section 1983, that statute is not a source of substantive rights but a vehicle for vindicating other federal rights. *See* DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005) (citation omitted).

2

209 U.S. 123 (1908). Defendants' Motion does not address the Ex parte Young exception, and, thus, they are not entitled to dismissal of such claims. To this extent, Defendants' Motion will be denied without prejudice, although the instant ruling offers no opinion regarding the ultimate viability of Plaintiffs' claims under Ex parte Young.[2]

As to Counts VI through IX, Defendants are entitled to sovereign immunity from state law claims under 42 Pa. C.S. § 8522.[3] Under Pennsylvania law, actions against the Commonwealth are limited to the nine categories listed in Section 8522. Immunity extends to all official and individual-capacity claims not encompassed in the Section 8522 exceptions,[4] and Plaintiffs have not demonstrated the applicability of any such exception. Thus, Counts VI through IX will be dismissed with prejudice.

As to Count V, alleging "negligent supervision," Plaintiffs have not identified the source of law underlying their claim. To the extent that Plaintiffs attempt to assert a state law claim, the Count is subject to dismissal because "negligent supervision" does not fall into one of the exceptions in Section 8522. It appears more likely, though, that Plaintiffs have attempted to assert municipal liability under Monell. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978). Pennsylvania is not a local municipality, however, and Monell does not represent a viable legal framework in this case. See Joseph v. Board of Regents of Univ. of Wisconsin Sys., 432 F.3d 746, 748-49 (7th Cir. 2005) (Monell applies "only to municipalities[,] not states or states' departments"). Thus, Count V will be dismissed with prejudice.

---

[2] In addition, Defendants do not currently seek dismissal of Plaintiffs' Section 1983 individual-capacity claims. Thus, the instant ruling does not reach those claims.
[3] Defendants presume that Counts VI through IX sound in state law, and Plaintiffs have given no indication to the contrary. See generally Pls.' Opp'n Br. (Doc. 12).
[4] See Brautigam v. Fraley, 684 F. Supp.2d 589, 593-94 (M.D. Pa. Feb. 4, 2010) (holding same).

Finally, to the extent that Plaintiffs' claims are not dismissed herein, the Court agrees with Defendants that abstention under Younger v. Harris, 401 U.S. 37 (1971) is appropriate. "Younger abstention reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Adams v. Lynn, 2012 WL 1065854, *2 (3d Cir. Mar. 30, 2012) (citation to quoted source omitted). For Younger purposes, "the [s]tate's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in midprocess would demonstrate a lack of respect for the [s]tate as sovereign." O'Neill v. Philadelphia, 32 F.3d 785, 790 (3d Cir. 1994) (citation to quoted source omitted). Younger abstention is appropriate where: (1) there are ongoing state proceedings; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise any constitutional issues. Adams, 2012 WL 1065854 at *2 (citation omitted).

Requirement (1) is met here because Plaintiffs are the subject of ongoing state proceedings, namely, their appeals before both the DPW Appeals Bureau and the Commonwealth Court of Pennsylvania. *See* discussion *supra*; *see also* Getson v. New Jersey, 2009 WL 4023508, *3 (3d Cir. Nov. 23, 2009) (Younger doctrine applies to state administrative proceedings that are "judicial in nature") (citation omitted). Requirement (2) is met because Pennsylvania's licensing requirements implicate important state interests regarding the safety and welfare of nursing home residents. *See generally* Valenti v. Cohen, 1990 WL 55034, *10-11 (E.D. Pa. Apr. 25, 1990) (recognizing same), *aff'd*, 904 F.2d 697 (3d Cir. 1990). Finally, requirement (3) is satisfied because Plaintiffs have offered no basis for their bald assertion that federal claims have not and cannot be addressed through the state proceedings. *See* Adams, 2012 WL 1065854 at *3 ("[w]hen a litigant has not attempted to present [her] federal claims in

4

related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary") (citation to quoted sources omitted).

The three preconditions to Younger abstention are present, and the Court otherwise cannot imagine how Plaintiffs properly may pursue both the state and federal proceedings contemporaneously. *See* discussion *supra* (quoting portion of Amended Complaint acknowledging that Plaintiffs' state appeals "stem from the same course of events" identified in this lawsuit, "beginning with the downgrade of Plaintiffs['] licenses"). Indeed, the only non-monetary relief identified by Plaintiffs, with any meaningful degree of specificity, is "the issuance of 'regular' [Commonwealth] licenses to all [of] Plaintiffs['] facilities," the very subject matter of the pending state appeals. A grant of Plaintiffs' requested relief would go beyond interfering with the state proceedings, it would render them a nullity. Thus, out of respect for the Commonwealth as sovereign, and to preserve the integrity of its administrative and judicial processes, the Court finds Younger abstention appropriate.

Under the circumstances, the Court of Appeals for the Third Circuit instructs that this Court may either dismiss Plaintiffs' claims without prejudice, or stay the action pending resolution of the state proceedings. *See* Wyatt v. Keating, 2005 WL 834462, *3 (3d Cir. Apr. 12, 2005) (recognizing same). To put to rest any statute-of-limitations concerns, the Court finds that a stay of this action is more appropriate. *See id.* (contemplating plaintiffs' filing of federal lawsuit before completion of state proceedings to toll statute of limitations); *compare also* discussions *supra* (noting Plaintiffs' claims for money damages, and fact that Plaintiffs' individual-capacity claims under Section 1983 have not been dismissed) *with* Williams v. Hepting, 844 F.2d 138, 144-45 (3d Cir. 1988) (when abstaining under Younger, courts should

5

stay and not dismiss claims for damages and attorney's fees when such relief is not available through ongoing state proceedings) (citation to quoted source omitted).[5]

For all of the reasons stated above, the Court hereby enters the following:

## II. ORDER

Defendants' Motion to Dismiss (**Doc. 9**) is **GRANTED IN PART** and **DENIED IN PART**, as described above. To the extent that Plaintiffs' claims have not been dismissed, the Court hereby **ABSTAINS** from adjudicating them under Younger v. Harris, 401 U.S. 37 (1971). Furthermore, through an exercise of the Court's inherent authority, this case hereby is **STAYED** pending final resolution of the state proceedings referenced herein. *See* Rice v. Astrue, 2010 WL 3607474, *2 (D. S.C. Sept. 9, 2010) (noting court's inherent authority to stay proceedings "pending resolution of independent proceedings [that] bear upon the case")

---

[5] In opposing abstention, Plaintiffs have made no effort to satisfy the exception to Younger based on bad faith or harassment. *Compare* Pls.' Opp'n Br. (arguing only that state and federal proceedings address different legal issues and remedies) *with* Williams v. Virgin Islands, 2008 WL 5142181, *5 (D. V.I. Dec. 8, 2008) (plaintiff bears "a heavy burden in making out a case of bad faith or harassment") (citation omitted). Even if Plaintiffs had so argued, the Court finds that they have not pleaded sufficient "specific facts to support an inference of [Younger] bad faith." *See id.* Furthermore, Plaintiffs do not argue that abstention is unwarranted because their state proceedings are "remedial," as opposed to "coercive." *Cf. generally* Wyatt, 2005 WL 834462 at *2-3 (discussing distinction between "remedial" state proceedings, which typically do not require Younger abstention, and coercive proceedings, which do). Under the specific circumstances presented here, the Court finds that the appellate state proceedings were the result of "coercive" state action, namely the downgrading of Plaintiffs' nursing home licenses. *Compare* discussion *supra* (quoting Supreme Court decision holding that, for purposes of Younger, "the State's trial-and-appeals process is treated as a unitary system") *with* discussion *supra* (highlighting that one of Plaintiffs' state appeals is before Pennsylvania's Commonwealth Court). To the extent that any non-binding judicial decisions appear to suggest that Plaintiffs' state proceedings may qualify as remedial, the Court finds the instant case distinguishable based on the specific facts and circumstances presented, including Plaintiffs' ongoing, affirmative pursuit of state court and administrative remedies. In the end, the Court remains steadfast in its conclusion that Plaintiffs' federal claims, including their request that the Commonwealth be directed to issue "regular" licenses to Plaintiffs' nursing homes, cannot properly proceed contemporaneously with the state proceedings.

(citations and internal quotations omitted).  For the duration of the stay, this case is and shall remain **ADMINISTRATIVELY CLOSED**.[6]

As appropriate, this case may be reopened upon application of any party, and, once the state proceedings are resolved, Plaintiffs or Defendants may request a lifting of the stay.

IT IS SO ORDERED.


October 16, 2012                                    s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[6] Administrative closings comprise a familiar way in which courts remove cases from their active files without final adjudication. Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 127 (3d Cir. 2004) (citation and internal quotations omitted).  Administrative closure is a docket control device used by the Court for statistical purposes, and it does not prejudice the rights of the parties. Honig v. Comcast of Georgia I, LLC, 537 F. Supp.2d 1277, 1290 n.8 (N.D. Ga. 2008).